JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-00928 MMM (PLAx) | Date | September 20, 2010 |
|---|---|---|---|

| Title | *Deutsche Bank Nat'l Trust Co. v. McNulty et al* |
|---|---|

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order Remanding Action to Riverside Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

On June 15, 2010, Deutsche Bank National Trust Company ("Deutsche Bank") commenced this unlawful detainer action against *pro se* defendant James McNulty, Jr. and certain fictitious defendants in Riverside Superior Court.[1] Deutsche Bank alleges that it acquired property located at 1290 3rd Street in Calimesa, California at a foreclosure sale,[2] that defendants are currently occupying the property, and that they have refused to turn over possession of the property to Deutsche Bank.[3] The complaint states a single claim under state law for unlawful detainer, and requests that the court enter an order restoring the premises to Deutsche Bank. Deutsche Bank seeks no damages beyond its costs of suit.[4] The caption of the complaint states that the matter is a limited civil case and that the

---

[1] Notice of Removal, Docket No. 1 (June 21, 2010), Exh. 1 ("Complaint").

[2] *Id.*, ¶¶ 3–4.

[3] *Id.*, ¶¶ 9–10.

[4] *Id.*, Prayer for Relief, ¶ 2.

amount demanded does not exceed $10,000.

McNulty removed the action to federal court on June 21, 2010,[5] invoking the court's federal question and diversity jurisdiction.[6] Defendant contends that he is a resident of the state of Nevada, and therefore that the court has diversity jurisdiction to hear the matter.[7] McNulty asserts that the property is under lease to John Chudy III, who is not a defendant in the unlawful detainer action.[8] McNulty contends there is a federal question to be resolved because Chudy's rights are governed by the Protecting Tenants at Foreclose Act, Pub. L. No. 111-22, § 702 (2009), enacted May 20, 2009.[9]

On August 6, 2010, Deutsche Bank filed a motion to remand the case to Riverside Superior Court. McNulty opposed this motion on September 10, 2010. Having carefully considered the pleadings filed, the court grants Deutsche Bank's motion and directs the clerk to remand the action forthwith.

## II. DISCUSSION

### A. Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.

---

[5]Notice of Removal, Docket No. 1 (June 21, 2010).

[6]*Id.*, ¶ 3.

[7]*Id.*, ¶ 4.

[8]*Id.*, ¶ 5.

[9]*Id.*, ¶ 6.

1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

### B.     Whether the Requirements for Federal Question Jurisdiction Are Met

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely

because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Deutsche Bank's complaint does not, on its face, raise a federal question, and defendant identifies none in his notice of removal. Deutsche Bank states a single unlawful detainer claim, which falls outside federal question jurisdiction. See *Indymac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337PA(DTBx), 2010 WL 234828 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint pled only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendant argues that he can remove the unlawful detainer action because "any interest or tenancy that he may have in the real property . . . would be determined under . . . [the] Protection of Tenants at Foreclosure Act of 2009."[10] See Pub. L. No. 111-22, § 702 (2009). Defendant alleges that a tenant, John Chudy III, leased the property more than a year before the foreclosure sale took place, and therefore, that he has a right to occupy the premises until the lease term ends.[11] See Pub. L. No. 111-22, § 702(a)(2)(A). Defendant thus argues that he can remove the unlawful detainer action because his defense to the action arises under a federal law, i.e., Section 702 of Public Law 111-22. While such an anticipated defense may involve federal law, it does not provide grounds for original jurisdiction under § 1331. See *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272–73 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense");

---

[10]Notice of Removal, ¶ 4.

[11]*Id.*, ¶ 6.

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court. . ."). Accordingly, defendant's anticipated defense does not support the exercise of federal question jurisdiction over this case.

### C.     Whether The Requirements for Diversity Jurisdiction are Met

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). Deutsche Bank's complaint does not disclose the citizenship of the parties, and McNulty's notice of removal states only that he is a resident of Nevada. It does not plead McNulty's citizenship or that of Deutsche Bank.[12] Thus, the court cannot determine whether complete diversity exists between plaintiff and defendants. See *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("The face of Harris' initial pleading did not affirmatively reveal information to trigger removal based on diversity jurisdiction because the initial pleading only stated Brown's 1972 residency, not his citizenship, and certainly not his citizenship as of the filing of the complaint"); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state").

Additionally, McNulty has not met his burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). See also *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). Where, by contrast, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . [courts] apply a preponderance of the evidence standard." *Guglielmino*, 506 F.3d at 699. Finally, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional

---

[12]Notice of Removal, ¶ 4.

threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Id.* (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

In its complaint, Deutsche Bank seeks a judgment granting it possession of the property and its costs of suit.[13] Indeed, it filed the action as a limited civil case, indicating that the amount demanded did not exceed $10,000. See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). McNulty proffers no evidence that the amount in controversy exceeds $75,000. Given clear allegations in the complaint that the amount in controversy does not exceed $75,000, and McNulty's failure to adduce any evidence to the contrary, the court concludes that the amount in controversy requirement is not met. See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)). Accordingly, the court concludes it does not have diversity jurisdiction to hear the action.

### III. CONCLUSION

For the reasons stated, the court lacks subject matter jurisdiction to hear this action, and directs the clerk to remand the case to Riverside Superior Court forthwith.

---

[13]Complaint, Prayer for Relief, ¶ 1–3.